**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1543-17T1

COUNTY OF HUDSON,

    Plaintiff-Appellant,

v.

PMK GROUP, INC.,
BIRDSALL SERVICES GROUP,
CME ASSOCIATES CONSULTING &
MUNICIPAL ENGINEERS, UNION
PAVING AND CONSTRUCTION CO.
INC., APPLIED DEVELOPMENT CO.,
SHIPYARD ASSOCIATES, INC.,
TAMS CONSULTANTS, INC., and
J.T. CLEARY, INC.,

    Defendants-Respondents.

_____

> Argued January 29, 2019 – Decided February 28, 2019
>
> Before Judges Hoffman, Suter and Firko.
>
> On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2728-12.
>
> Kenneth L. Winters argued the cause for appellant (Jardim, Meisner & Susser, PC, attorneys; Kenneth L. Winters, on the brief).

Michael D. Suarez argued the cause for respondent PMK Group, Inc. (Suarez & Suarez, attorneys; Michael D. Suarez, of counsel and on the brief; Lisa Olshen Adelsohn, on the brief).

Joseph M. Suarez argued the cause for respondent CME Associates Consulting & Municipal Engineers (Suarez & Suarez, attorneys; Joseph M. Suarez, of counsel and on the brief; Lisa Olshen Adelsohn, on the brief).

PER CURIAM

Plaintiff County of Hudson (County) appeals from orders granting summary judgment to defendants, PMK Group, Inc. (PMK), and CME Associates Consulting & Municipal Engineering (CME), finding that the parties are bound to releases covering two separate incidents, one occurring prior to and the other after the releases' execution.[1]  After reviewing the record in light of the applicable law, we reverse and remand.

## I.

The following facts are derived from evidence the parties submitted in support of, and in opposition to, summary judgment, viewed in a light most favorable to the County, the non-moving party. Polzo v. Cty. of Essex, 209 N.J. 51, 56-57 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).  This matter began with two separate construction projects

---

[1] The motion judge also denied the County's motion for reconsideration.

initiated by the County to construct Sinatra Drive North along the waterfront in Hoboken. The developer of the projects hired PMK and CME to serve as design engineers and to perform geotechnical evaluations for both projects. Each project involved extending and connecting 14th and 15th Streets with Sinatra Drive North at different points. The first project, completed in 1998, extended 12th and 14th Streets, and included a connector loop constructed on timber pilings. The second project, which extended 15th Street and connected it to the first loop, was built on preexisting steel pilings and concrete platforms.

On July 2, 2001, after completion of the first project, the northern portions of the 15th Street extension that were constructed on the existing platform collapsed because the steel pilings and concrete platform gave out. The platform was constructed between 1942 and 1957. In 2006, the County sued to recover the repair costs relative to the 2001 collapse. After litigation ensued, a settlement was achieved with PMK and CME, and form releases, prepared by the County, were executed on July 16, 2010, memorializing the settlements. The release with CME provided, in pertinent part:

> We release and give up any and all claims and rights which we may have against you. This releases all claims, including those of which we are not aware and those not mentioned in this Release. <u>This Release applies to claims resulting from anything which has</u>

A-1543-17T1

<u>happened up to now</u>.  We specifically release the following claims:

> For any and all claims asserted by us against CME Associates which formed the basis of a lawsuit entitled <u>County of Hudson v. CME Associates v. PMK Group Consulting Engineers</u>, filed in the Superior Court of New Jersey, Law Division, Hudson County, under docket number HUD-L-6114-06.

[(Emphasis added).]

Similar language appears in the release with PMK.  The County was paid $100,000 by PMK and $340,000 by CME to settle their claims.

Less than three months later, a sudden collapse of an entirely different portion of Sinatra Drive North, between Constitution and 14th Streets, measuring fifty feet by fifteen feet, occurred on October 8, 2010.  Notably, the 14th Street extension was completed between 1997 and 1998.  In order to remediate the damage for the October 8 collapse, the County estimated the cost at approximately $12,000,000.  PMK and CME moved for summary judgment seeking to relieve themselves from liability for the October 8 collapse based upon their interpretation of language in the July 16 releases arguably insulating them from liability with respect to the 14th Street extension as well.  In defense, the County argued that the July 16 releases did not bar future, unaccrued claims, and that discovery on this issue was incomplete as to PMK and not conducted at

all as to CME. The County further asserted that CME was commissioned to prepare construction drawings and it confirmed the structural integrity of the piers and platform. As engineer of record, CME failed to address the structural integrity of the entire roadway, not just the vicinity where the first collapse occurred. PMK, as consulting engineers, should also be accountable, as argued by the County. After litigation was concluded with the other parties named in the pleadings, this appeal followed.

## II.

At argument on the motions, PMK and CME asserted that the July 16 settlement with the County was intended to cover all their existing claims, whether or not such claims were known to the County, and that this intention is evidenced in the releases' language. The County's position was that the settlement covered the first collapse and anything that occurred up to July 16 only, and that the intent of the parties was not to enter general releases in respect of potential future claims relative to the Sinatra Drive North project.

The motion judge granted both motions, ruling in his written decision that: "[t]he [County] prepared this release which clearly encompassed future claims growing out of this four block project at least as long as [CME's] wrongdoing took place before the release[.] There are no inconsistencies in the release.

5

There is only language that amplifies . . . ."  The release language found persuasive by the motion judge was:  "claims resulting from anything which has happened up to now" and claims "we may have."  The motion judge found that the phrase "may have" is "necessarily future oriented," and implies that the County may have a future claim relative to the Sinatra Drive North project.

On appeal, the County argues:  1) that the releases do not apply to claims occurring after July 16; 2) that the motion judge erred in granting summary judgment by relying upon an incorrect and factually presumptuous interpretation of the releases; 3) that discovery was incomplete; 4) that genuine issues of material fact are present regarding contractual intent and whether the releases should be construed as future-oriented, requiring reversal and remand for a factual hearing; and 5) the releases should be voided on public policy grounds. After carefully reviewing the record and applicable law, we reverse and remand.

A trial court will grant summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c); see also Brill, 142 N.J. at 523.  "An issue of fact is genuine only if, considering the burden of persuasion at trial, the

evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c).

On appeal, "the propriety of the trial court's order is a legal, not a factual, question." Pressler & Verniero, Current N.J. Court Rules, cmt. 3.2.1 on R. 2:10-2 (2019). "We employ the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Inc. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998).

### III.

First we address the County's argument that the motion judge violated principles of contract law when it "impermissibly rewrote the releases to bar future, un[-]accrued claims." We agree.

The interpretation of a contract, such as a release, is subject to de novo review by an appellate court. Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011) (citing Jennings v. Pinto, 5 N.J. 562, 569-70 (1950) ("[I]t is a general rule that the construction of a contract is a question of law . . . .")). "Accordingly, we pay no special deference to the trial court's interpretation and look at the contract with fresh eyes." Id. at 223 (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal

consequences that flow from established facts are not entitled to any special deference.")).

When interpreting a contract, the court's goal is to ascertain the "intention of the parties to the contract as revealed by the language used, taken as an entirety; and, in the quest for intention, the situation of the parties, the attendant circumstances, and the objects they were thereby striving to attain . . . ." Driscoll Constr. Co., Inc. v. State, Dept. of Transp., 371 N.J. Super. 304, 313 (App. Div. 2004) (citing Onderdonk v. Presbyterian Homes of N.J., 85 N.J. 171, 184 (1981)).

Well-settled contract law provides that "[c]ourts enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract." Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014) (quoting Caruso v. Ravenswood Developers, Inc., 337 N.J. Super. 499, 506 (App. Div. 2001)).

Thus, "[w]hen the terms of a . . . contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties." Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 415 (2016) (alteration in original) (quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)). "It follows that '[i]n attempting to discern the meaning of a

provision in a . . . contract, the plain language is ordinarily the most direct route.'" Ibid. (alteration in original) (quoting Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231, 238 (2008)). Further, when "the language of a contract is plain and capable of legal construction, the language alone must determine the agreement's force and effect." Ibid. (quoting Manahawkin, 217 N.J. at 118).

When the provision at issue is subject to more than one reasonable interpretation, it is ambiguous, and the "court may look to extrinsic evidence as an aid to interpretation." Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 200 (2016) (quoting Chubb, 195 N.J. at 238).

The County argues that the terms of the releases are unambiguous and do not encompass any events that might later occur because potential claims had not accrued as of July 16. Alternatively, the County argues that, even if the terms of the releases are ambiguous, extrinsic evidence should be admissible at a hearing to establish the intention of the parties, which the motion judge rejected. According to the County, the intention of the parties was not to have general releases covering all claims—such as those potentially arising from separate and subsequent incidents on Sinatra Drive North. The motion judge

found that the terms were unambiguous as a matter of law, and failed to give the requisite, favorable inferences to the County.

The County argues that the disputed language, "which has happened up to now," only applies to existing or accrued claims at the time the releases came into effect, i.e. July 16. In support, the County cites Isetts v. Borough of Roseland, 364 N.J. Super. 247, 256 (App. Div. 2003), which held that where a plaintiff surrendered "any and all" claims, rights, or actions, plaintiff only surrendered those rights existing at the time of the surrender. Focusing on the word "has," and the phrase "[t]his release applies to claims resulting from anything which has happened up to now," the County contends that this language can only relate to present or prior-existing claims.

We conclude that there is a genuine issue of material fact as to whether language in the releases contemplates only present or prior-existing claims and whether the County was aware of such claims or not. Nothing in the releases indicates that they were intended to serve as a general, forward looking releases of all subsequently accruing claims relating to Sinatra Drive North, and this presents material issues of fact.

Several factors support the County's interpretation of the releases: the two projects at issue were separate and distinct projects, two blocks apart, and built

A-1543-17T1

on two very different types of platforms; each project had a separate design contract; the releases specifically use the language "anything which has happened up to now"; and the releases recite the docket number of the previous litigation regarding the 14th Street collapse. Contrary to summary judgment standards, the motion judge found that the County was "clearly aware" of wooden platforms and timber deteriorations in the four block project, thus barring the subsequent lawsuit. The record does not support his finding as a matter of law.

PMK and CME have not provided any persuasive reasoning in support of the contrary, except for references to unpublished opinions, which have no precedential value.[2] Moreover, the judge's reliance upon an unexplained, unpublished decision is contrary to the restrictions set forth in Rule 1:36-3

---

[2] Rule 1:36-3 provides:

> No unpublished opinion shall constitute precedent or be binding upon any court. Except for appellate opinions not approved for publication that have been reported in an authorized administrative law reporter, and except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law, no unpublished opinion shall be cited by any court. No unpublished opinion shall be cited to any court by counsel unless the court and all other parties are served with a copy of the opinion and of all contrary unpublished opinions known to counsel.

A-1543-17T1

against giving such opinions binding or precedential value.  <u>Trinity Cemetery Ass'n v. Twp. of Wall</u>, 170 N.J. 39, 48 (2001).

The scope of the releases is a fact-sensitive question, and its interpretation turns on the intention of the parties.  The record reflects that the County raised material disputed facts regarding "the contracting parties' intent in what was being released and the associated facts and circumstances surrounding the two projects . . . ."

In its motion for reconsideration, the County provided the certification of Donato Battista, Esq., Hudson County Counsel, who addressed the circumstances surrounding construction of the two separate projects:

> 3.     The 15th Street Extension case involved the collapse of a portion of the 15th Street roadway constructed on top of a concrete platform that extended into the Hudson River.  It was claimed that the defendant design engineers: (a) mistakenly relied upon a marine inspection performed by Tams Consultants, Inc., which never inspected the pilings which supported the platform; and (b) failed to recognize that no structural or geotechnical inspections were conducted of the platform.  As a result of these design errors, the roadway load caused the platform to collapse during construction.
>
> 4.     The 15th Street Extension case did not involve the design or construction of Sinatra Drive, which was an entirely separate project, built at a

different time involving different engineering and construction companies.

5.  In settling the 15th Street Extension case, the County intended to settle only those claims involving the collapse of the platform and 15th Street Roadway. The County was totally unaware of any issues, problems and possible claims involving the construction of Sinatra Drive and never considered that it was releasing the defendant design engineers from problems which only became known after the 15th Street Extension case was settled.

6.  We would not even have known about the issues related to any area south of the 15th Street [E]xtension, because we never appreciated that any geotechnical or structural inspections went beyond the 15th Street extension to 14th Street.

7.  As indicated, the 15th Street [E]xtension project was a completely separate project from the remainder of Sinatra Drive. It was built at a separate time and involved different constructions, and engineering, than the rest of Sinatra Drive.

Battista's certification clearly raises genuine issues of material fact, and the motion judge failed to consider the salient arguments presented in the County's reconsideration motion. We cannot conclude that PMK and CME were entitled to judgment as a matter of law. See Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013).

IV.

Next we address the County's argument that the motion judge erred in denying discovery. Generally, where discovery is incomplete, summary judgment is inappropriate, at least where it is clear that at least one of the parties seeks discovery. See, e.g., Crippen v. Cent. Jersey Concrete Pipe Co., 176 N.J. 397, 409 (2003). We review discovery matters for abuse of discretion. Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79 (2017). Thus, "appellate courts are not to intervene but instead will defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Id. at 79-80 (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).

We conclude that the motion judge's decision to deny discovery was an abuse of discretion. An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores Inc., 191 N.J. 88, 123 (2007)). Measured against these standards, the motion judge mistakenly applied his discretion in denying discovery and interpreting the releases in the face of clear issues of material fact.

In light of our decision, we do not need to address the other arguments presented by the County. In short, we reverse the orders granting summary judgment to PMK and CME and denying the County's motion for reconsideration. On remand, the parties shall complete discovery and a hearing shall be conducted relative to the interpretation of the releases vis-à-vis the October 10 incident.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION